UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

BERNICE BATTLE, Trustee of the
Bernice B. Battle Trust

    Plaintiff,

v.                                      Case No: 2:15-cv-564-FtM-38MRM

LEHMAN BROTHERS BANK, FSB,
FEDERAL NATIONAL MORTGAGE
ASSOCIATION and MORTGAGE
ELECTRONIC REGISTRATION
SYSTEMS, INC.,

    Defendants.
_____/

## **ORDER**[1]

This matter comes before the Court on Defendants, Federal National Mortgage Association (Fannie Mae) and Mortgage Electronic Registration Systems, Inc.'s (MERS) Motion to Dismiss Plaintiff's Complaint (Doc. #9) filed on September 29, 2015. The Plaintiff, Bernice Battle filed her Response in Opposition (Doc. #21) on December 8, 2015. The Motion is fully briefed and ripe for the Court's review.

## **BACKGROUND**

On June 28, 2007, the Plaintiff, Bernice Battle, took out a loan (Loan) and executed a promissory note (Note) in favor of Lehman Brothers Bank, FSB to purchase the property located at 3309 Edison Avenue, Fort Myers, Florida 33916 (Property). The Loan was

---

[1] Disclaimer: Documents filed in CM/ECF may contain hyperlinks to other documents or websites. These hyperlinks are provided only for users' convenience. Users are cautioned that hyperlinked documents in CM/ECF are subject to PACER fees. By allowing hyperlinks to other websites, this Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their websites. Likewise, the Court has no agreements with any of these third parties or their websites. The Court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the Court.

secured by a mortgage in favor of MERS as beneficiary and nominee for Lehman Brothers and its assigns. MERS subsequently assigned its interest in the mortgage to, Fannie Mae.

On May 23, 2012, Fannie Mae filed a foreclosure on the Property in the Twentieth Judicial Circuit Court in and for Lee County, Florida. The State Court entered a final judgment in September of 2014, and a sale of the property was held on October 27, 2014. The Plaintiff objected to the sale of the Property and appealed the State Court Judgment to the Second District Court of Appeals which denied the objection and dismissed the appeal. On November 7, 2014, a certificate of title to the Property was issued to Fannie Mae.

On August 12, 2015, Plaintiff filed a complaint in State Court alleging claims against Lehman Brothers Bank, FSB, MERS and Fannie Mae (collectively "Defendants"). The Complaint alleges six counts: (1) Negligence (against all Defendants); (2) Fraud (against foreclosing defendants); (3) Action to Void or Cancel Certificate of Title (against foreclosing defendants); (4) Wrongful Foreclosure (against foreclosing defendants); (5) Breach of the Implied Covenant of Good Faith and Fair Dealing (against foreclosing defendants); and (6) Quiet Title (against Fannie Mae). The Defendants removed the case from State Court to this Court and now move to dismiss.

## DISCUSSION

The Defendants argue the claims are barred by *Res Judicata*, Collateral Estoppel, the Full Faith and Credit Act , 28 U.S.C. § 1738, and the *Rooker-Feldman* Doctrine. Plaintiff argues that the Motion to Dismiss fails to adhere to what a motion to dismiss is supposed to do. Prior to considering the substance of the Defendant's arguments on

each Count, the Court must first determine if it has subject matter jurisdiction.  The Defendant argues the case should be dismissed because the *Rooker-Feldman* doctrine voids the Court's jurisdiction.

### *Rooker-Feldman*

The Defendants argue that the *Rooker-Feldman* Doctrine bars this Court from litigating the issues raised in Plaintiff's complaint because all of the claims relate to the claims presented and litigated in Fannie Mae's State Court action.  The *Rooker–Feldman* doctrine provides that "a United States District Court has no authority to review final judgments of a state court in judicial proceedings." *Tindall v. Gibbons,* 156 F. Supp. 2d 1292, 1299-300 (M.D. Fla. 2001) (quoting *Powell v. Powell,* 80 F.3d 464, 466 (11th Cir.1996)). *Rooker–Feldman* is "grounded on federalism, comity, and the premise that state courts are not inferior to federal courts." *Id.* (quoting *In re Glass,* 240 B.R. 782, 785 (Bankr. M.D. Fla.1999).  Accordingly, the doctrine precludes a federal action if the relief requested would effectively reverse the state court decision or void its ruling. *Id.*  As the United States Supreme Court noted in *Rooker v Fidelity Trust Co.,* 263 U.S. 413, 416, 44 S. Ct. 149, 68 L. Ed. 362 (1923), district courts only possess original jurisdiction.  Thus, the United States Supreme Court is the only federal court that can hear an appeal of a state court judgment. *Id.*  This holding was later re-affirmed in *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 482-483, 103 S. Ct. 1303, 75 L. Ed. 2d 206 (1983).

In *Feldman*, the Court concluded that "a United States District Court has no authority to review final judgments of a state court in judicial proceedings[,] [as review] of such judgments may be had only in this Court." *Id.* at 482.  Thus, it found that when the allegations in the complaint are inextricably intertwined with a state court judgment, the

district court has no jurisdiction to hear the claims. *Id.* at 486-487. However, a district court may review a general constitutional challenge. *Id.* at 483.

As a result of these two cases, federal courts recognize the *Rooker-Feldman* doctrine, which prohibits a district court from hearing "certain matters related to previous state court litigation." *Goodman ex rel Goodman v. Sipos*, 259 F.3d 1327, 1332 (11th Cir. 2001). The doctrine "is broad enough to bar all federal claims which were, or should have been, central to the state court decision, even if those claims seek a form of relief that might not have been available from the state court. *Id.* at 1333. In order to determine whether the *Rooker-Feldman* doctrine applies, the Court must look to the following criteria: "(1) the party in federal court is the same as the party in the state court; (2) the Prior state court ruling was a final or conclusive judgment on the merits; (3) the party seeking relief in federal court had a reasonable opportunity to raise its federal claims in the state court proceeding; and (4) the issue before the federal court was either adjudicated by the state court or was inextricably intertwined with the state court judgments. *Storck v. City of Coral Springs*, 354 F.3d 1307, 1310 n. 1 (11th Cir. 2003) (quoting *Amos v. Glynn County Board of Tax Assessors*, 347 F. 3d 1249, 1265 (11th Cir. 2003)). The Eleventh Circuit has further defined the "inextricably intertwined" requirement as the situation when a "federal claim succeeds only to the extent that the state court wrongly decided the issues before." *Goodman ex rel Goodman v. Sipos*, 259 F.3d at 1332 (quoting *Siegel v LePore*, 234 F.3d 1163, 1172 (11th Cir. 2000)(en banc)). Thus, the Court does not have jurisdiction when the plaintiff's claims necessarily result in a re-examination of the state court decision. *Cooper-Jolly v. Lyttle*, 3 F. Supp. 2d 1446, 1448 (N.D. Ga. 1998).

### *(1) Whether the Parties in Federal Court are the Same as the Parties in the State Court*

The Parties are the same as in the State Court foreclosure action with the exception of MERS.  However, MERS assigned its interest in the mortgage to Fannie Mae.  Any claims against MERS would be inextricably intertwined with the State Court judgment in the foreclosure case.  Therefore, all the Parties are the same for consideration of the *Rooker-Feldman* doctrine.

### *(2) Whether the Prior State Court Ruling was a Final or Conclusive Judgment on the Merits*

The State Court judgment foreclosed on the Property and the decision was appealed to the Second District Court of Appeals.  The Second District Court of Appeals upheld the foreclosure.  Title to the Property was awarded to Fannie Mae.  Therefore, the State Court judgment was final.

### *(3) Whether Plaintiff had a Reasonable Opportunity to Raise its Federal Claims in the State Court Proceeding*

The Plaintiff does not bring any specific federal claims in her action.  Nevertheless all of Plaintiff's claims could have or should have been brought in the state court action.

### *(4) Whether the Issue was Adjudicated by the State Court or was Inextricably Intertwined with this Case*

The Defendants argue that Fannie Mae was awarded a foreclosure judgment for the amounts due and owing under the terms of the Note and Mortgage as a result of Plaintiff's default.  Defendants further argue that all of the Plaintiffs claims in this action should have or could have been raised in the state court.  The Defendants' argument is well taken.  The relief requested the Plaintiff's Complaint is inextricably intertwined with the ruling in the state court and a contrary decision in this Court would effectively reverse

or void the state court's ruling. Thus, this case is due to be dismissed for lack of subject matter jurisdiction as authorized by *Rooker-Feldman*. *Tindall,* 156 F. Supp. 2d at 1299-300.

## CONCLUSION

In her Complaint the Plaintiff is effectively asking the Court to invalidate the final judgment issued in the state court. The *Rooker–Feldman* doctrine provides that "a United States District Court has no authority to review final judgments of a state court in judicial proceedings." *Tindall v. Gibbons,* 156 F. Supp. 2d 1292, 1299-300 (M.D. Fla. 2001). Thus, the Plaintiff's Complaint is due to be dismissed in accordance with the *Rooker- Feldman* doctrine. As such, the Court declines to rule on the merits of the Plaintiff's claims as it lacks jurisdiction.

Accordingly, it is now

**ORDERED:**

Defendants, Federal National Mortgage Association (Fannie Mae) and Mortgage Electronic Registration Systems, Inc.'s (MERS) Motion to Dismiss Plaintiff's Complaint (Doc. #9) is **GRANTED**.

1. The Plaintiffs Complaint is hereby **DISMISSED**.
2. The Clerk of the Court is directed to enter judgment accordingly, terminate any pending motions, and close the file.

**DONE** and **ORDERED** in Fort Myers, Florida this 8th day of February, 2016.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies:  All Parties of Record